UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09557-CAS-GJS | Date | March 7, 2022 |
|---|---|---|---|
| Title | United States of America v. Alfredo Ramon Cerda | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Miriam Baird | (SPANISH) – Jesus Rivera |
| Deputy Clerk | Court Reporter / Recorder | Interpreter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John Lulejian, AUSA | David Menninger, DFPD |

**Proceedings:** VIDEO TELECONFERENCE (VTC)/ZOOM HEARING ON REQUEST FOR BAIL REVIEW (Dkt. 35, filed on February 4, 2022)

## I. INTRODUCTION

On September 9, 2021, the United States of America filed a complaint for arrest warrant and extradition against Alfredo Cerda, a fugitive of the United Mexican States ("Mexico"). Case No. 2:21-mj-04160-DUTY-1, Dkt. 1 ("Compl."). In its extradition request, Mexico alleges that Cerda sexually abused several children on multiple occasions in Mexico, in violation of the Criminal Code of the state of Baja California. Id. When Cerda was confronted about these allegations by friends and family members of the children, he fled Mexico for Indio, California. Id.

On September 9, 2021, the Hon. Paul L. Abrams, Chief United States Magistrate Judge for the Central District of California, issued a warrant for Cerda's arrest. Case No. 2:21-mj-04160-DUTY-1, Dkt. 2. The arrest warrant was executed on November 19, 2021. Id., Dkt. 10.

On November 19, 2021, at Cerda's initial appearance, the Hon. Gail J. Standish, United States Magistrate Judge for the Central District of California, temporarily detained Cerda. Id., Dkt. 12. After the parties both submitted briefing, Judge Standish held a detention hearing on February 2, 2022. Dkt. 32. Judge Standish granted the United States' request for detention, noting that "[i]n foreign extradition matters there is a presumption against bail, and only a finding of 'special circumstances will justify release," and that Cerda "ha[d] not made a showing of special circumstances at th[at] time." Id. (citing United States v. Salerno, 878 F.2d 317, 317 (9th Cir. 1989)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:21-cv-09557-CAS-GJS | Date | March 7, 2022 |
|---|---|---|---|
| Title | United States of America v. Alfredo Ramon Cerda | | |

On February 4, 2022, Cerda filed a request for this Court's review of Judge Standish's order detaining him pending extradition proceedings. Dkt. 35. On February 4, 2022, Cerda also filed a memorandum of points and authorities in support of his request for bail review. Dkt. 36 ("Mot."). On February 7, 2022, the United States filed opposition. Dkt. 37 ("Opp."). On February 28, 2022, Cerda filed his reply. Dkt. 43 ("Reply"). The Court held a hearing on Cerda's request for bail review on March 7, 2022.

Unlike in domestic criminal cases, "[t]here is a presumption against bail in an extradition case." Salerno v. United States, 878 F.2d 317, 317 (9th Cir. 1989). "The fugitive has the burden of showing that special circumstances exist." Matter of Extradition of Antonowicz, 244 F. Supp. 3d 1066, 1068 (C.D. Cal. 2017). "Once special circumstances are shown, [the fugitive] must also demonstrate that he or she will not flee or pose a danger to any other person or to the community." Id. (internal citations and quotation marks omitted). "[I]t has long been recognized that the special circumstances exception 'should be exercised only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory.'" Id. at 1070 (quoting In re Mitchell, 171 F. 289, 290 (S.D.N.Y. 1909)). A magistrate judge's bail decision in an extradition case "may be reviewed de novo by a district court upon application by a party." United States v. Al-Nouri, 983 F.3d 1096, 1098 & n.2 (9th Cir. 2020).

Here, like Judge Standish, the Court finds that Cerda has not made a showing of special circumstances at this time. Cerda primarily argues that his poor health and advanced age constitute a special circumstance that supports bail, in that Cerda is 86-years-old and wheelchair-bound. See Mot. at 12-15; Reply at 2-4. Cerda also argues that the likely delay in his extradition proceedings as he challenges his warrant in a Mexican court represents a special circumstance. Mot. at 15-17; Reply at 5. The Court is not convinced. Health problems that "are not unique and can be handled in custody" generally do not constitute a special circumstance justifying bail. In re the Extradition of Kyung Joon Kim, No. CV 04-3886-ABC (PLA), 2004 WL 5782517, at *5 (C.D. Cal. July 1, 2004). Additionally, while "unusual delay in the appeal process can be a special circumstance that will justify bail," Matter of Requested Extradition of Kirby, 106 F.3d 855, 863 (9th Cir. 1996) (internal citation and quotation marks omitted), at this time, with the extradition hearing scheduled for June 8, 2022, there does not appear to be any unusual delay. Dkt. 42. Rather, "the United States is ready to proceed on the briefing and hearing schedule already stipulated to by the parties and established by Magistrate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:21-cv-09557-CAS-GJS | Date | March 7, 2022 |
|---|---|---|---|
| Title | United States of America v. Alfredo Ramon Cerda | | |

Judge Standish." Opp. at 22. Moreover, if defendant attempts to appeal or challenge the warrant in Mexican court, "that is a choice he will make and will control." Antonowicz, 244 F. Supp. 3d at 1070.

In accordance with the foregoing, at this stage, the Court **AFFIRMS** Judge Standish's decision to detain Cerda pending extradition proceedings.

IT IS SO ORDERED.

|  | 00 : 29 |
|---|---|
| Initials of Preparer | CMJ |

**Cc: U.S. Probation and Pretrial Services**